CACI, INC.–FEDERAL

v.

The UNITED STATES.

No. 1–83C.

United States Claims Court.

Jan. 14, 1983.

On Motion for Correction Jan. 25, 1983.

Joseph S. Wager, Washington, D.C., for plaintiff, Jeffrey P. Elefante, Keck, Mahin & Cate, Washington, D.C., and Michael S. Friedman, Arlington, Va., Caci, Inc., of counsel.

Lenore C. Garon, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVITS, FOR A PROTECTIVE ORDER, AND FOR EXPEDITED DISCOVERY; AND ORDER SCHEDULING THE CLOSURE OF PROOF ON THE MERITS (RULE 65)

SPECTOR, Judge.

On January 3, 1983, plaintiff filed a complaint herein for declaratory and injunctive relief, a motion for a preliminary injunction; and an application for a temporary restraining order. Immediately thereafter in a conference call arranged with counsel for the respective parties, defendant's counsel represented that an award of the contract at issue would not be made for at least two weeks, and both counsel agreed on a hearing date one week later, namely, January 10, 1983.

It was, accordingly, then ordered on January 3, 1983, as follows:

1. Plaintiff's application for a temporary restraining order is unnecessary at this time, and it is denied.

2. Defendant's counsel shall have until Friday, January 7, 1983, to respond to plaintiff's motion for a preliminary injunction and complaint.

3. The matters set forth in plaintiff's papers above described are hereby scheduled for hearing commencing at 10:00 a.m. on January 10, 1983.

4. Counsel shall advise the court no later than Thursday, January 6, 1983, regarding the scope of the hearing. (*See* Rule 65(a)(2)).

With respect to item 4, above, plaintiff's counsel advised that in the absence of voluntary discovery which he had unsuccessfully requested, he was not prepared to proceed with a trial on the merits pursuant to Rule 65(a)(2). Defendant's counsel requested that the hearing set for January 10, 1983 be confined to argument on plaintiff's motion, and motions to dismiss or for summary judgment which she soon proposed to file. With respect to item 2, above, defend-

ant's response and proposed motions were not received on Friday, January 7, 1983, but rather on Monday, January 10, just prior to the hearing scheduled for that date.

■ However, this unavoidable delay was rendered harmless by agreement of counsel at the hearing that all witnesses were then present in the courtroom, and that they were willing to go forward on the merits, contrary to the response to item 4, above, which had been previously received. This was subject to the granting of plaintiff's request for limited discovery followed by an opportunity to thereafter conclude the hearing on the merits, if required.

In the 2-day hearing which followed, the testimony of 16 witnesses was taken, together with exhibits, and a 529-page transcript was developed. Counsel agreed that this represents at least 95 percent of the evidence on the merits which they propose to offer. At the conclusion of this segment of the hearing, concluded on January 11, 1983, plaintiff was afforded 7 days (January 18) to reply to defendant's response, and to respond to the above-described motions filed by defendant on January 10. Within the same 7-day period, plaintiff will pursue discovery of documents as set forth in its "Motion for Expedited Discovery" filed January 11, 1983. Plaintiff's counsel was not sure he would require the depositions described in his discovery motion, and he is afforded a total of 14 days, namely, until January 25, 1983, to conclude all discovery by way of deposition. To that extent, and as qualified by agreement of counsel on page 521 of the transcript, plaintiff's "Motion for Expedited Discovery" is hereby allowed.

On January 25, 1983, the hearing will be reconvened, but only on request of counsel for the offer of additional evidence, if any. Simultaneous briefs on the merits are to be submitted on January 25, 1983. (*See* Rule 83.1(b)).

■ In the course of the hearing on January 10–11, 1983, the contracting officer testified that he would not be able to make an award of the contract in the normal course any sooner than 3 weeks after the return of his files by defendant's counsel. The latter made a commitment on the record that award would not be made until February 1, 1983. In light of those circumstances, action on plaintiff's motion for a preliminary injunction will be suspended until that date, pending a possible decision on the merits by that date which would moot the motion for a preliminary injunction.

Plaintiff's "Motion for a Protective Order" filed January 10, 1983, was overtaken by events, namely, an agreement by counsel at the hearing on that date, which rendered it moot. For the record, it is allowed as moot. Similarly, plaintiff's "Motion for Leave to File Supplemental Affidavits" filed January 7, 1983, has been rendered moot by the taking of the testimony of the affiants at the hearing commencing January 10, 1983. For the record, it too is allowed as moot.

Consistent with all the foregoing,

IT IS SO ORDERED.

## ORDER

### On Motion For Correction

Defendant's motion for correction of the court's order of January 14, 1983 * is allowed to the extent that the ruling on plaintiff's "Motion for a Protective Order" filed January 10, 1983 is allowed on its merits, rather than by agreement of counsel at the hearing on that date. The confusion results from the inconsistency in the statements of defendant's counsel (*cf.* pages 81 and 82 of the transcript) in which she first characterized plaintiff's need for a protective order as "silly" and "trivial", and thereafter regarded it as objectionable.

The affiant should certainly be able to modify her affidavit for the reasons stated, particularly when she thereafter testified in person and was not interrogated on that point.

* 3 USCCR No. 13. This is an amendment to that order.

Accordingly, plaintiff's "Motion for a Protective Order" filed January 10, 1983 which was previously "allowed as moot", is simply allowed.

Consistent with all of the foregoing, IT IS SO ORDERED.